CASTON ET AL., APPELLANTS, *v.*
BUCKEYE UNION INSURANCE COMPANY,
APPELLEE.

(No. 9-163—Decided December 10, 1982.)

*Mr. Timothy F. Scanlon,* for appellants.

*Mr. Andrew P. Buckner,* for appellee.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Lake County, wherein the court dismissed the supplemental petition. We reverse.

The facts are not in dispute. On May 11, 1975, plaintiff, a student at Borromeo Seminary, took part in his high school's junior educational field trip. As a part of this trip, there was scheduled an overnight picnic at a cottage near Port Clinton. The trip was to take place on a Sunday with a return to Cleveland on Monday. Thus, the school's regular bus drivers were not available, since they were needed to drive on that Monday. As a result, Father Amos, the person in charge of the trip, asked for volunteers from the junior class who could use their family cars to drive students to the outing.

After arriving at the cottage, one of the students requested permission to leave to get a hamburger. Father Amos granted permission. The student then left in his mother's car which he had used to transport some of his classmates to the cottage. Appellant accompanied him.

On the way to the hamburger place, the car went left of center and was involved in a head-on collision. Appellant suffered severe injuries.

On June 6, 1978, plaintiff and his parents recovered a judgment against the driver of the car in the amount of $314,650 for personal injuries suffered in the automobile accident. Borromeo Seminary was granted a directed verdict in that case on the ground that the driver was off on a frolic at the time of the accident. This court upheld that verdict in a decision issued on June 18, 1979. *Caston v. Borromeo Seminary,* Lake App. No. 6-302, unreported.

Prior to this court's decision, on July 28, 1978, appellants filed a Supplemental Petition pursuant to R.C. 3929.06, in which they sought to apply the proceeds of an insurance policy maintained by Borromeo to the unsatisfied judgment. The trial court dismissed that petition on July 29, 1982. Of the original judgment for $314,650, $300,000 remains unsatisfied.

Appellants' assignment of error is as follows:

"The trial court erred to the prejudice of the plaintiffs-appellants in finding that the judgment rendered in their favor on June 6, 1978 was not recoverable under the policy of insurance issued by defendant-appellee."

This assignment of error has merit.

Appellants argue for recovery solely on the basis of an insurance policy Borromeo had with appellee. The pertinent provisions of that policy provide:

"Each of the following is an INSURED under this insurance to the extent set forth below:

"* * * (c) any other person while using an OWNED AUTOMOBILE or a HIRED AUTOMOBILE with the permission of the NAMED INSURED, provided his actual operation * * * is within the scope of such permission. * * *"

The key to recovery is whether the vehicle in which he was riding at the time of the accident was a "Hired Automobile." The policy defines "hired automobile" as follows:

"* * * 'HIRED AUTOMOBILE' means an AUTOMOBILE not owned by the NAMED INSURED which is used under contract in behalf of, *or loaned to,* the NAMED INSURED. * * *" (Emphasis added.)

That the student driving the vehicle did so with permission is beyond doubt. Thus, the crux of the case is whether the car was in fact loaned to Borromeo Seminary. Appellants argue that since the automobile was used as a substitute vehicle for the school bus, that the request for volunteers constituted a borrowing of vehicles. Appellee argues that if the car was loaned to the school, it was for the

purpose of transporting students to and from Port Clinton, and that the automobile was removed from loaned status during the time it was not put to that use.

A "loaned" vehicle would be temporarily transferred to some duty or place away from a regular position on location. In our opinion, the vehicle was put at the insured's disposal. That it was used to purchase a sandwich becomes irrelevant in this determination. Once put at the insured's disposal, the lender would be presumed to know that the vehicle may be used for purposes consonant with the underlying need for borrowing the vehicle. To use the vehicle to make a trip from the cottage was a foreseeable contingency.

For these reasons, we reverse and remand the case to the trial court for further proceedings.

*Judgment reversed and case remanded.*

HOFSTETTER, P.J., concurs.

COOK, J. dissents.